```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
M.D., individually and on behalf of L.D., a child           :
with a disability,                                          :
                                    Plaintiff,              :     20 Civ. 6060 (LGS)
                                                            :
                -against-                                   :     OPINION AND ORDER
                                                            :
THE NEW YORK DEPARTMENT OF                                  :
EDUCATION,                                                  :
                                    Defendant.              :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff brings this action pursuant to the fee-shifting provisions of the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3). Plaintiff filed a motion for summary judgment seeking $67,596.73 in attorneys' fees and costs for work performed by the Cuddy Law Firm ("CLF"). Defendant New York City Department of Education ("DOE") opposes, arguing that Plaintiff's counsel billed excessive numbers of hours at excessive rates. For the reasons set forth below, the motion is granted in part. Plaintiff's counsel is awarded $21,037.50 in attorneys' fees for the administrative proceeding before Defendant, $6,695.00 in attorneys' fees for this proceeding and $557.45 in costs.

I.  **BACKGROUND**

Plaintiff M.D. is the parent of L.D., a child classified as a student with speech or language impairment by Defendant's Committee on Special Education ("CSE"). On October 17, 2018, CLF, a law firm specializing in cases brought under the IDEA, filed a due process complaint ("DPC") on behalf of Plaintiff, alleging that L.D. was denied a free appropriate public education ("FAPE") for the 2016-17, 2017-18 and 2018-19 school years. The DPC sought (1) neuropsychological, vocational and occupational therapy evaluations of L.D.; (2) placement of

L.D. in a class of no more than twelve students; (3) a determination that L.D. was exempt from foreign language curricular requirements and (4) one-to-one instruction in post-secondary skills and speech language therapy. The case was assigned Impartial Hearing Officer Case Number 178751.

A three-hour hearing on the merits of the DPC was held on March 5, 2019. At the hearing, Plaintiff submitted fifty-four pieces of documentary evidence, presented a witness and testified in support of her claims. Defendant did not present any witnesses and submitted two pieces of documentary evidence. The parties agreed that Plaintiff should be provided the relief sought, and Plaintiff prevailed at the hearing. Plaintiff submitted a post-hearing brief, and the IHO subsequently issued Findings of Fact and Decision granting the relief Plaintiff sought in the DPC.

On January 2, 2020, Plaintiff submitted a demand for attorneys' fees to Defendant's Office of Legal Services. Defendant did not respond, the demand was not settled and on August 4, 2020, Plaintiff filed the instant action, seeking costs, expenses and attorneys' fees for the administrative action and this action. In total, Plaintiff seeks $67,596.73 in attorneys' fees and costs, consisting of $36,780.00 for fees in the administrative proceeding, $29,665.00 for work in this proceeding and $1151.73 in costs.

## II. STANDARD

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability," based on "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)-(C). "[T]he court may award fees for work on the fee application itself." *G.T. v. New York City Dep't of Educ.*, No. 18 Civ. 11262,

2020 WL 1516403, at *3 (S.D.N.Y. Feb. 12, 2020) (quotation marks omitted).  To calculate a "presumptively reasonable fee," a district court first determines the appropriate billable hours expended and sets a "reasonable hourly rate." *Lilly v. City of New York*, 934 F.3d 222, 229-30 (2d Cir. 2019) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008)); *accord R.G. v. New York City Dep't of Educ.*, No. 18 Civ. 6851, 2019 WL 4735050, at *2 (S.D.N.Y. Sept. 26, 2019).  In making this determination, a court should step "into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *O.R. v. New York City Dep't of Educ.*, 340 F. Supp. 3d 357, 364 (S.D.N.Y. 2018) (quoting *Arbor Hill*, 522 F.3d at 184).  However, "trial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *C.B. v. New York City Dep't of Educ.*, No. 18 Civ. 7337, 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).  "[A] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *M.D. v. New York City Dep't of Educ.*, No. 17 Civ. 2417, 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)).

### III. DISCUSSION

Defendant does not dispute that Plaintiff is a "prevailing party" entitled to recover under the IDEA.  The only issue is to determine presumptively reasonable billing rates, hours and costs for Plaintiff's counsel.

### A. Billing Rates

The determination of a reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, an inquiry that may include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (quotation marks omitted); *accord K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 Fed. App'x 17, 18 (2d Cir. 2014) (summary order). Courts may also take "judicial notice of past awards given to the same attorneys as counsel in the current case, particularly for firms active in IDEA-related matters like CLF." *C.B.*, 2019 WL 3162177, at *5.

In determining a reasonable hourly rate, courts may not rely solely on comparable cases, but must also consider the factors articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See H.C., v. New York City Dep't of Educ.*, No. 20 Civ. 844, 2021 WL 2471195, at *4 (S.D.N.Y. June 17, 2021) (citing *Arbor Hill*, 522 F.3d at 190). The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*H.C.*, 2021 WL 2471195, at *4 (citation omitted). A court need not make specific findings as to each factor as long as it considers all of them when setting the fee award. *See id.* (citing *Lochren v. County Of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009) (summary order)).

1. **Andrew and Michael Cuddy**

Plaintiff seeks a rate of $500 per hour for CLF attorneys Andrew and Michael Cuddy, arguing that their experience in special education law compares favorably to similarly-situated attorneys.[1] In support of that proposed rate, Plaintiff submits a declaration from another attorney who specializes in special education law in the Southern and Eastern Districts of New York, who states that his hourly rate is $500 to $550. Plaintiff also provides affidavits of Andrew and Michael Cuddy, stating that they typically charge $500 to $550 per hour in special education cases. While these declarations are instructive, they are not "easily taken at face value," *C.B.*, 2019 WL 3162177, at *7, given that they provide no specifics of rates charged to clients in circumstances similar to this case.

Plaintiff cites several special education cases in which counsel was awarded a rate in the $450 to $500 range. The facts of those cases bear little resemblance to the circumstances here. In *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 Civ. 7632, 2018 WL 3769972, at *1 (S.D.N.Y. Aug. 9, 2018), Andrew Cuddy was awarded $450 per hour for a heavily-contested due process proceeding that constituted "11 days of hearings spanning five months" and a cross-appeal to the State Review Officer ("SRO") for Defendant. In *E.F. ex rel. N.R. v. New York City Dep't of Educ.*, No. 11 Civ. 5243, 2012 WL 5462602, at *1 (S.D.N.Y. Nov. 8, 2012), *report and recommendation adopted*, 2014 WL 1092847 (S.D.N.Y. Mar. 17, 2014), counsel was awarded a rate of $475 per hour for a hearing that spanned fourteen days and involved an SRO appeal. By contrast, this proceeding involved a single hearing of approximately three hours, at which Defendant agreed that Plaintiff was entitled to the relief sought. Similarly, in *A.R. v. New York*

---

[1] Plaintiff argues for $500 per hour in her memoranda of law, but supplemental submissions to her reply list a rate of $550 per hour for Andrew and Michael Cuddy. This Opinion construes Plaintiff's request to be for $500 per hour.

*City Dep't of Educ.*, No. 12 Civ. 7144, 2014 WL 5462465, at *8 (S.D.N.Y. Oct. 28, 2014), a senior attorney with over 35 years' special education experience was awarded a rate of $500 per hour -- a rate that the court noted was on the high end for comparable cases. By contrast, Andrew Cuddy has litigated special education cases since 2001, and Michael Cuddy has practiced in the field since 2012.

The hourly rate applied in cases of similar size and complexity as this one -- in which Defendant conceded failure to provide a FAPE at the first hearing and presented no witnesses -- is generally in the $350 to $400 range for experienced attorneys like Andrew and Michael Cuddy. *See S.J. v. New York City Dep't of Educ.*, No. 12 Civ. 1922, 2020 WL 6151112, at *4 (S.D.N.Y. Oct. 20, 2020), *report and recommendation adopted as modified*, No. 20 Civ. 1922, 2021 WL 100501 (S.D.N.Y. Jan. 12, 2021), *modified*, No. 20 Civ. 1922, 2021 WL 536080 (S.D.N.Y. Jan. 25, 2021) (awarding Andrew Cuddy $360 in an "essentially uncontested" proceeding); *R.G.*, 2019 WL 4735050, at *2 (awarding Andrew Cuddy $350 where Defendant contested the necessity of an individualized education plan for the student at the hearing); *C.B.*, 2019 WL 3162177, at *8 (awarding Andrew and Michael Cuddy $400 where Defendant produced two witnesses in a hearing that lasted 9.8 hours); *A.D. v. New York City Dep't of Educ.*, No. 18 Civ. 3347, 2019 WL 1292432, at *3 (S.D.N.Y. Mar. 11, 2019) (awarding $350 where Defendant did not oppose plaintiff's position at the hearing); *M.D.*, 2018 WL 4386086, at *4 (awarding $360 where Defendant did not oppose).

The *Johnson* factors also support finding that Plaintiff's proposed hourly rate for Andrew and Michael Cuddy is unjustified. The amount of time and labor required here were relatively small due to Defendant's decision not to oppose Plaintiff's DPC. Nor did the case involve novel or difficult questions, or demand a relatively high level of skill; the issues raised were like those

6

in many other DPC proceedings in this District in which Defendant concedes at the outset that the relief sought in a DPC is proper. *See, e.g.*, *S.J.*, 2020 WL 6151112, at *4. And as described above, awarded rates in similar cases are significantly lower than those proposed by Plaintiff. Although Plaintiff notes that (1) a successful outcome counsels for a higher award and (2) her counsel took measures to reduce costs by allocating work to less expensive employees, those considerations do not outweigh the other *Johnson* factors suggesting a lower rate.

In light of the affidavits from CLF and the outside attorney, the relationship between this case and the recent cases involving CLF and the *Johnson* factors, Plaintiff's requested rate of $500 per hour for Andrew and Michael Cuddy is excessive. Given the nature of Plaintiff's case and Andrew and Michael Cuddy's years of experience in special education law, a rate of $375 per hour is in line with what similar attorneys would receive in the Southern District of New York in this matter and is an amount a reasonable client would pay.

### 2. Britton Bouchard

Plaintiff proposes a rate of $275 per hour for junior associate Britton Bouchard. Mr. Bouchard was admitted to practice law in the State of New York in June 2020, and he prepared the Complaint and other documents in this action.[2] Plaintiff provides an affidavit from Andrew Cuddy stating that Mr. Bouchard's customary rate is $375 per hour, as well as an affidavit from a special education practitioner with three years of experience who states his standard rate is $400 per hour. As with the other declarations of standard rates submitted by Plaintiff, these declarations are not "easily taken at face value," *C.B.*, 2019 WL 3162177, at *7, because they do not provide any information regarding junior attorney rates in circumstances similar to this case.

---

[2] Plaintiff argues for $275 per hour in her memoranda of law, but supplemental submissions to her reply list a rate of $375 per hour for Britton Bouchard. This Opinion construes Plaintiff's request to be for $275 per hour.

Attorneys of Mr. Bouchard's experience level are typically awarded lower rates in IDEA fee proceedings. *See S.J.*, 2020 WL 6151112, at *4-5 (awarding $200 to a junior CLF associate who had practiced for four years and whose time was billed in connection with a motion for attorneys' fees); *M.D.*, 2018 WL 4386086, at *3 (awarding $200 to junior CLF associates); *R.G.*, 2019 WL 4735050, at *3 (awarding $150 to associate with two years of experience in special education litigation). Because Mr. Bouchard has less experience than the attorneys in those cases, a reduction in his rate is warranted.

The parties also make the same arguments under the *Johnson* factors as they made for Andrew and Michael Cuddy. Those factors counsel toward a lower rate for Mr. Bouchard for the same reasons stated above. Based on the affidavits submitted in this case, the nature of Plaintiff's case, Mr. Bouchard's level of experience and the *Johnson* factors, a rate of $150 per hour is in line with what similar attorneys would receive in the Southern District of New York in this matter and is an amount a reasonable client would pay.

### 3. Shobna Cuddy, Allison Bunnell, Amanda Pinchak, Sarah Woodard, John Slaski, Raul Velez

Plaintiff requests a rate of $150 per hour for legal assistants Raul Velez and John Slaski and paralegals Shobna Cuddy, Allison Bunnell, Amanda Pinchak and Sarah Woodard. Rates for paralegal work in comparable cases in this District are typically lower than $150 per hour. "Paralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District." *H.C.*, 2021 WL 2471195, at *6 (quotation marks omitted).

A reasonable rate for each of the CLF assistants and paralegals is $100 per hour. Mr. Velez worked for CLF for approximately three years. Mr. Slaski worked for CLF from May 2019 to December 2019, but Plaintiff provides no information regarding his overall level of

8

experience. Ms. Bunnell worked for CLF from 2016 to 2019, after gaining an unspecified amount of prior experience as an administrative assistant in a state District Attorney's office. Ms. Pinchak worked for CLF from 2016 to 2019 and completed a paralegal certification in 2017. In light of these individuals' limited practical experience, $100 is a reasonable hourly rate. *See, e.g.*, *id*. Ms. Woodard has three years of paralegal experience and nineteen years of experience as a legal assistant. Although she has many years of experience in the legal industry, her experience as a paralegal is limited, and Plaintiff does not provide any detail as to how her prior experience enhanced her qualifications as a paralegal. Similarly, Ms. Cuddy was a paralegal and office manager with CLF's predecessor and has served as CLF's office administrator since 2012, but Plaintiff provides no evidence of her specific qualifications. *See R.G.*, 2019 WL 4735050, at *3 ("When the fee-seeking party fails to explain what qualifications entitle the paralegal to a higher rate, a rate at the bottom of the range is warranted.").

In her reply brief, Plaintiff also requests $225 per hour for Shobna Cuddy and Cailin O'Donnell, both of whom participated in reply briefing. Because Plaintiff provides no details of Ms. O'Donnell's qualifications, her rate is set to $100.

**B. Hours Reasonably Expended**

"A fee award should compensate only those hours that were 'reasonably expended' by the attorneys on th[e] case." *S.J.*, 2020 WL 6151112, at *5 (quoting *McDonald*, 450 F.3d at 96). "Whether a case was 'particularly complicated' or involved any 'significant' legal issues may be considered in determining the reasonable number of hours a case requires." *Id.* (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011)). "District courts have 'ample discretion' in assessing the 'amount of work that was necessary to achieve the results in a particular case.'" *Id.* (quoting *Ortiz v. Regan*, 980 F.2d 138, 141 (2d Cir. 1992)).

9

### 1. Administrative Proceeding

Plaintiff requests compensation for 84.4 hours of CLF work on the administrative proceeding, totaling $36,780.00. Based on a review CLF's timekeeping records, an overall twenty percent reduction in hours billed is appropriate.

CLF employees collectively billed 14.8 hours of work prior to filing the DPC. Review of the time entries for the relevant dates shows that the tasks were related to preparation of the DPC, consisting of communications with Plaintiff, review of school records relevant to the DPC and drafting the DPC itself.

CLF employees collectively billed 26.1 hours in preparation for the hearing, despite time records showing that Michael Cuddy learned that Defendant would not present a case-in-chief at the hearing on December 18, 2018. While counsel of course needed to marshal arguments, exhibits and evidence, even for an uncontested hearing, the hours expended by CLF are on the high end for an unchallenged, three-hour hearing, particularly given that (1) the DPC was short and straightforward, *see H.C.*, 2021 WL 2471195, at *8, and (2) many tasks performed by Michael Cuddy, such as performing initial records reviews or coordinating such reviews by psychiatric evaluators, could have been delegated to an attorney with less seniority and with a cheaper rate, *see O.R.*, 340 F. Supp. 3d at 370. These factors warrant a reduction in the hours awarded.

Similarly, despite the uncontested nature of the hearing, Michael Cuddy billed 14.3 hours to prepare a closing brief. He also billed 10.1 hours to implement the relief granted by the IHO's decision, such as communications with providers of agreed-upon services for M.D. While "post-decision activities that are useful and of a type ordinarily necessary to secure the final result obtained from the litigation are compensable," because "favorable decisions are often not self-

executing," *M.D.*, 2018 WL 4386086, at *5, closing briefing is not typically required to secure a favorable decision in a case where Defendant concedes the relief sought, *see id.*; *C.B.*, 2019 WL 3162177, at *11 (declining to reduce award for post-hearing brief only because defendant contested the relief sought). These factors warrant a reduction in the hours awarded.

Plaintiff also seeks to recover fees for six hours of travel time by Michael Cuddy for the hearing. No award for travel is warranted because "it is doubtful that a reasonable client would retain an Auburn or Ithaca attorney over a New York City attorney if it meant paying New York City rates and an additional five hours in billable time for each trip." *K.F. v. New York City Dep't of Educ.*, No. 10 Civ. 5465, 2011 WL 3586142, at *6 (S.D.N.Y. Aug. 10, 2011) (addressing CLF attorney travel from Auburn, New York to New York City). Michael Cuddy's travel entries are deducted in full.

In light of the parties' submissions, the record in this case and the governing legal standard for reasonable hours expended, a reduction of twenty percent in CLF's hours billed in the administrative proceeding is appropriate. CLF is awarded fees at the following hours and rates:

| **Individual** | **Hourly Rate** | **Hours** | **Total** |
|---|---|---|---|
| Andrew Cuddy | $375 | 1.0 | $375 |
| Michael Cuddy | $375 | 52.7 | $19,762.50 |
| Allison Bunnell | $100 | 1.7 | $170 |
| Sarah Woodard | $100 | 0.8 | $80 |
| Amanda Pinchak | $100 | 4.8 | $480 |
| Shobna Cuddy | $100 | 1.0 | $100 |
| John Slaski | $100 | 0.6 | $60 |

| Raul Velez | $100 | 0.1 | $10 |
| **TOTAL** | | | $21,037.50 |

### 2. Federal Court Litigation

Plaintiff requests compensation for 76.2 hours of CLF work in this proceeding, totaling $29,665.00. Based on a review of the hours billed by CLF's counsel, a fifty percent reduction is appropriate.

This litigation is limited to the issue of the reasonable amount of fees and costs that CLF's attorneys should be paid for prevailing on behalf of Plaintiff in an uncontested proceeding. This is a "simple and straightforward issue." *S.J.*, 2020 WL 6151112, at *6. As another court in this District persuasively observed in similar circumstances:

> Although the Court concurs with Plaintiffs' arguments that attorneys who practice in the area of IDEA and other similar civil rights areas must be adequately compensated for their time, fee-shifting statutes are not a license to soak one's opponent or to engage in a highly inefficient practice of law. In this case, a competent attorney should not have needed more than 40 hours to litigate this fee petition. The legal basis for fee petitions is well-plowed acreage, leaving the task of the attorney to marshal the facts to support the number of hours expended on the underlying matter.

*B.B. v. New York City Dep't of Educ.*, No. 17 Civ. 4255, 2018 WL 1229732, at *3 (S.D.N.Y. Mar. 8, 2018). In light of this case's low degree of complexity -- Plaintiff filed the complaint, followed by service and summary judgment briefing on the straightforward issues of fees -- a reduction of attorney hours by fifty percent achieves rough justice.

In response, Plaintiff argues that Defendant unnecessarily forced this proceeding and then protracted it by failing to respond to pre- and post-Complaint settlement demands. This argument is unpersuasive, because any delay by Defendant has not rendered this proceeding unduly complex or time-intensive. *See S.J.*, 2020 WL 6151112, at *7 (reducing billed hours by

fifty percent where defendant engaged in tactics that drove up the plaintiff's billed hours). CLF is awarded fees at the following hours and rates:

| Individual | Hourly Rate | Hours | Total |
|---|---|---|---|
| Andrew Cuddy | $375 | 3.8 | $1,425 |
| Britton Bouchard | $150 | 32 | $4,800 |
| Michael Cuddy | $375 | .8 | $300 |
| Cailin O'Donnell | $100 | .5 | $50 |
| Shobna Cuddy | $100 | 1.2 | $120 |
| **TOTAL** | | | $6,695 |

C. Costs

"A district court may award reasonable costs to the prevailing party in IDEA cases." *C.D.*, 2018 WL 3769972, at *12 (citing 20 U.S.C. § 1415(i)(3)(B)(i)(1)). Plaintiff seeks to recover costs for lodging, faxing, mileage, parking, postage and filings.

An award of lodging expenses is not warranted. *See C.D.*, 2018 WL 3769972, at *13 ("[T]he Court will not award any costs for lodging. An attorney who was sited within a reasonable distance of the hearing location could commute daily to the hearings, obviating any need for lodging."). Though the parties do not specifically discuss the need for $20.00 in fax costs, at $2.00 per page, these costs are unreasonable. *See, e.g., R.G.*, 2019 WL 4735050, at *6 (denying fax costs when plaintiffs made no showing why communicating via fax was necessary or appropriate, especially given that "[m]odern copy machines have the ability to scan documents so that they can be emailed, a method of communication that costs virtually nothing.").

13

The requested transportation costs -- consisting of $145 in mileage and $100 in parking for the hearing -- are also unreasonable. Local counsel attending a hearing in New York City would likely take public transit, some sort of commuter rail, or a short car ride. *See H.C.*, 2021 WL 2471195, at *11. A reasonable reimbursement for transportation costs is $50 each way, for a total of $100. *See id.*

Finally, Defendant acknowledges that Plaintiff's $57.45 in postage costs is reasonable and does not contest that Defendant incurred a $400 filing fee in this action. Accordingly, Plaintiff is awarded the following costs: $100 for transportation, $57.45 in postage and $400 in filing fees, for a total of $557.45.

### D. Post-Judgment Interest

Plaintiff also requests an award of post-judgment interest from the date judgment is entered. "Pursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *S.J.*, 2021 WL 100501, at *5 (quoting *True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017)).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff is awarded $28,289.95, consisting of (1) $21,037.50 in attorneys' fees for the administrative proceeding before Defendant; (2) $6,695 in attorneys' fees for this proceeding and (3) $557.45 in costs. Plaintiff is awarded post-judgment interest on this amount, calculated at the applicable statutory rate.

The Clerk of Court is respectfully directed to close the motion at Docket No. 14 and the case.

Dated: July 16, 2021
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**