# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 21 2023

AUGUST TERM 2022

No. 21-1582

**H.C.**, INDIVIDUALLY, AND ON BEHALF OF
**J.C.**, A CHILD WITH A DISABILITY,
*Plaintiff-Appellant,*

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION,**
*Defendant-Appellee.*

No. 21-1961

**M.D.**, INDIVIDUALLY, AND ON BEHALF OF
**L.D.**, A CHILD WITH A DISABILITY,
*Plaintiff-Appellant,*

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION,**
*Defendant-Appellee.*

No. 21-2130

**J.R.**, INDIVIDUALLY, AND ON BEHALF OF
**J.B.**, A CHILD WITH A DISABILITY,

CERTIFIED COPY ISSUED ON 06/21/2023

*Plaintiff-Appellant,*

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION,**
*Defendant-Appellee.*

---

No. 21-2744

**M.H., INDIVIDUALLY, AND ON BEHALF OF
M.T., A CHILD WITH A DISABILITY,**
*Plaintiff-Appellant,*

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION,**
*Defendant-Appellee.*

---

No. 21-2848

**A.G., INDIVIDUALLY, AND ON BEHALF OF
R.P., A CHILD WITH A DISABILITY,**
*Plaintiff-Appellant,*

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION,**
*Defendant-Appellee.*

---

No. 22-259

**D.P., INDIVIDUALLY, AND ON BEHALF OF
S.P., A CHILD WITH A DISABILITY,**

*Plaintiff-Appellant,*

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION,**
*Defendant-Appellee.*

No. 22-290

**S.H., INDIVIDUALLY, AND ON BEHALF OF
K.H., A CHILD WITH A DISABILITY,**
*Plaintiff-Appellant,*

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION,**
*Defendant-Appellee.*

No. 22-315

**V.W., INDIVIDUALLY, AND ON BEHALF OF
A.H., A CHILD WITH A DISABILITY,**
*Plaintiff-Appellant,*

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION,**
*Defendant-Appellee.*

No. 22-422

**L.L., INDIVIDUALLY, AND ON BEHALF OF
S.L., A CHILD WITH A DISABILITY,**

3

*Plaintiff-Appellant,*

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION,**
*Defendant-Appellee.*

---

No. 22-568

**H.W., INDIVIDUALLY, AND ON BEHALF OF M.W., A CHILD WITH A DISABILITY,**
*Plaintiff-Appellant,*

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION,**
*Defendant-Appellee.*

---

No. 22-586

**H.A., INDIVIDUALLY, AND ON BEHALF OF M.A., A CHILD WITH A DISABILITY,**
*Plaintiff-Appellant,*

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION,**
*Defendant-Appellee.*

---

No. 22-772

**N.G.B, INDIVIDUALLY, AND ON BEHALF OF J.B., A CHILD WITH A DISABILITY,**

4

*Plaintiff-Appellant,*

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION,**
*Defendant-Appellee.*

No. 22-775

**BOARD OF EDUCATION OF THE
YORKTOWN CENTRAL SCHOOL DISTRICT,**
*Plaintiff-Counter-Defendant-Appellee,*

v.

**S.S., INDIVIDUALLY, AND ON BEHALF OF M.S., A MINOR,
C.S., INDIVIDUALLY, AND ON BEHALF OF M.S., A MINOR,**
*Defendants-Counter-Claimants-Appellants.*

No. 22-855

**A.W., INDIVIDUALLY, AND ON BEHALF OF
E.D., A CHILD WITH A DISABILITY,**
*Plaintiff-Appellant,*

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION,**
*Defendant-Appellee.*

No. 22-977

**R.P., INDIVIDUALLY, AND ON BEHALF OF**

**E.H.P., A CHILD WITH A DISABILITY,**
*Plaintiff-Appellant*,

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION,**
*Defendant-Appellee*.

On Appeal from the United States District Court
for the Southern District of New York

ARGUED: MAY 1, 2023
DECIDED: JUNE 21, 2023

Before:     JACOBS, MENASHI, and MERRIAM, *Circuit Judges*.

Each appellant in these tandem appeals is a parent of a disabled child. Arguing that his or her child was entitled to benefits under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i), each parent brought an administrative action against his or her local education agency and prevailed. Subsequently, each parent brought a federal action for attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B). In each case, the district court awarded less in attorneys' fees than the parent requested, and the parents now appeal. We hold that a district court awarding attorneys' fees under the lodestar approach may consider the complexity of the matter both when it considers the number of hours reasonably expended and when it considers the reasonable hourly rate. We also hold that the IDEA's fee-shifting provision does not authorize the district court to award an unreasonable fee when the district court concludes that the

education agency has unreasonably protracted proceedings. Finally, we hold that while a district court does not abuse its discretion when it adjusts excessive travel costs or fees that an attorney billed to a client, a district court abuses its discretion when it denies travel-related fees altogether. We therefore reverse the district court's denial of travel-related fees in No. 21-1961 and remand for further proceedings. We otherwise affirm.

———

> BENJAMIN M. KOPP (Andrew K. Cuddy, *on the briefs*), Cuddy Law Firm, P.L.L.C., Auburn, NY, *for Plaintiffs-Appellants.*
>
> REBECCA VISGAITIS (Richard P. Dearing, Clause S. Platton, Julie Steiner, Jane L. Gordon, Jesse A. Townsend, MacKenzie Fillow, Kate Fletcher, Devin Slack, Philip W. Young, *on the briefs*) *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY, *for Defendant-Appellee*.
>
> BENJAMIN M. KOPP, Cuddy Law Firm, P.L.L.C., Auburn, NY, *for Defendants-Counter-Claimants-Appellants.*
>
> Mark C. Rushfield, Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, NY, *for Plaintiff-Counter-Defendant-Appellee.*

———

PER CURIAM:

These tandem appeals concern an important issue in our education law: fee shifting under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i). The general question presented is whether the district court abused its discretion in awarding less in attorneys' fees and costs than requested. For the

7

reasons stated below, we reverse the district court's denial of travel-related fees in No. 21-1961, *M.D. v. New York City Department of Education*, and remand for further proceedings. *See infra* Part V. We otherwise affirm the district courts' awards of attorneys' fees and costs.

## BACKGROUND

Each appellant in these cases is the parent of a disabled child. The appellees are the local education agencies ("LEAs") that the IDEA requires to provide services for each child.

In each case, the parent brought an administrative action under the IDEA against the child's LEA. The Cuddy Law Firm ("CLF") was retained to represent the parent and child in those administrative actions. Ultimately, CLF's services were effective: the parents and children prevailed in each of the proceedings.[1] CLF then sought compensation for its services. But when the parents and CLF requested that the LEAs pay CLF's fees, the LEAs refused on the ground that the fees requested were unreasonable.

As a result, the parents brought these individual actions in federal court seeking attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B). CLF updated the amount requested to include not only fees and costs related to the administrative proceedings but also fees and costs related to the federal actions. In each case, the district court evaluated the evidence presented by the parties and concluded that CLF's request was unreasonable. Accordingly, the district court

---

[1] In *Board of Education of the Yorktown Central School District v. C.S.*, the parent prevailed on appeal to the state review officer. *See* Affirmation in Opposition to Application for Attorney Fees and Costs ¶ 23, No. 17-CV-06542 (S.D.N.Y. May 5, 2021), ECF. No. 50.

calculated a reasonable fee and ordered the LEA to pay that fee. The parents and CLF appealed.

## DISCUSSION

"We review a district court's award for attorney's fees, expenses, and costs for abuse of discretion." *Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019). Our review is "highly deferential" in this area because of "the district court's inherent institutional advantages" in determining attorneys' fees. *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 111 (2d Cir. 2011) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)). Fee disputes "essentially are factual matters," and the district courts have a "superior understanding of the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Moreover, the "essential goal" of fee shifting "is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). For these reasons, the Supreme Court has said that it "can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it." *Id.*

The IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs ... to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). The statute specifies that the reasonable fees awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *Id.* § 1415(i)(3)(C).

To calculate reasonable attorneys' fees under the IDEA, courts apply the "lodestar" method. *A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 79 (2d Cir. 2005). Under the lodestar method, a "fee award is derived by multiplying the number of hours reasonably expended

9

on the litigation [by] a reasonable hourly rate." *G.M. ex rel. R.F. v. New Britain Bd. of Educ.*, 173 F.3d 77, 84 (2d Cir. 1999) (internal quotation marks omitted). In "rare circumstances," the "district court may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011) (internal quotation marks omitted).

In determining the first component of the lodestar—the number of hours reasonably expended—the district court may exclude hours that are "excessive, redundant, or otherwise unnecessary." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (quoting *Hensley*, 461 U.S. at 434). But the district court also "has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id.* The other component of the lodestar—the reasonable hourly rate—"is the rate a paying client would be willing to pay," *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008), after "considering all pertinent factors, including the *Johnson* factors," *Lilly*, 934 F.3d at 230 (referencing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).[2]

---

[2] The *Johnson* factors include: "[t]he time and labor required"; "[t]he novelty and difficulty of the questions"; "[t]he skill requisite to perform the legal service properly"; "[t]he preclusion of other employment by the attorney due to acceptance of the case"; "[t]he customary fee"; "[w]hether the fee is fixed or contingent"; "[t]ime limits imposed by the client or the circumstances"; "[t]he amount involved and the results obtained"; the experience, reputation, and skill of the attorneys; whether the case is undesirable and may not be "pleasantly received by the community" or the attorney's contemporaries; "[t]he nature and length of the professional relationship with the client"; and "[a]wards in similar cases." *Johnson*, 488 F.2d at 717-19.

I

Here, we are persuaded that there was no abuse of discretion in the district courts' calculation of reasonable attorneys' fees in each case. For example, the district court in *J.R.* cited recent cases from the Southern District of New York to determine the "prevailing market rate for experienced, special-education attorneys in the New York area" as the statute requires. *J.R. v. N.Y.C. Dep't of Educ.*, No. 19-CV-11783, 2021 WL 3406370, at *3 (S.D.N.Y. Aug. 4, 2021). The district court noted that it considered all the *Johnson* factors, and it made specific findings as to several of those factors: the case posed issues that were not "especially novel or difficult," the subject matter was not "undesirable," and the administrative proceedings took—in total—"less than two hours." *Id.* at *4. The district court lowered the hourly rates for attorneys and paralegals on those grounds. It also found that the number of hours billed were excessive given that the matter "lack[ed] … complexity," so the district court reduced the total number of hours by twenty percent. *Id.* at *5. With these reductions, the district court cut CLF's total request for attorneys' fees by a little more than fifty percent. The district court did not abuse its discretion in calculating the lodestar in this way.

CLF makes two principal counterarguments on appeal. First, CLF argues that the district courts erred as a matter of law by evaluating the complexity of the underlying disputes twice: when considering the number of hours reasonably expended as well as when considering the reasonable hourly rate. CLF claims that this "double deduct[ion]," N.G.B. Br. 56, violated our statement in *Millea* that a district court may not "double-count[] … factors." 658 F.3d at 167. In *Millea*, we said that a district court "may not adjust the lodestar based on factors already included in the lodestar calculation itself." *Id.* In other words, the district court may not use a factor both to

compute the lodestar and to adjust the lodestar once it has been computed. The district courts here did something different, consulting the same factor when evaluating both components of the lodestar—reasonable hours and reasonable rates. CLF provides no reason to think that was impermissible. In fact, the complexity of the underlying dispute affects those two components of the lodestar. One of the *Johnson* factors is "[t]he novelty and difficulty of the questions" presented in the matter, so the complexity of the matter factors into the reasonable hourly rate. 488 F.2d at 718; *see also Lilly*, 934 F.3d at 228. If a matter is complex, an attorney will reasonably expend more hours on it, but a simple matter will be subject to additional reductions in hours expended. We therefore hold that a district court does not err when it considers the complexity of the dispute both when it evaluates the time reasonably expended as well as the reasonable hourly rate. We see no error in the district courts' lodestar calculations in this respect.

Second, CLF argues that it was erroneous to reduce its requested award *at all* because the LEAs unreasonably protracted the proceedings. *See, e.g.*, M.H. Br. 33. CLF's argument proceeds as follows. Subparagraph F of the statute, 20 U.S.C. § 1415(i)(3)(F), provides that the district court "shall" reduce an award of attorneys' fees when, as applicable here, "the amount of the attorneys' fees … unreasonably exceeds the hourly rate prevailing in the community" or "the time spent and legal services furnished were excessive considering the nature of the action or proceeding." *Id.* § 1415(i)(3)(F)(ii)-(iii). But Subparagraph G, 20 U.S.C. § 1415(i)(3)(G), provides that those mandatory reductions "shall not apply" if the district court "finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding." *Id.*

CLF's argument cannot prevail here because none of the district courts found as a factual matter that the LEAs unreasonably protracted the proceedings. For example, the district court in *H.C.* acknowledged that the LEA "fail[ed] to offer substantive relief at the resolution session," "fail[ed] to adopt a consistent position on whether [it] would defend the case," and "delay[ed] implementation" of the hearing officer's final decision—which means that the LEA could have hastened the proceedings if it had been better organized. *H.C. v. N.Y.C. Dep't of Educ.*, No. 20-CV-844, 2021 WL 2471195, at *8 (S.D.N.Y. June 17, 2021). But the LEAs' apparent disorganization in these cases does not necessarily establish that the LEA persisted when "there was absolutely no need to continue litigating," which would suggest unreasonable protraction. *Gary G. v. El Paso Indep. Sch. Dist.*, 632 F.3d 201, 211 (5th Cir. 2011) (internal quotation marks omitted). For that reason, we are not left with "a definite and firm conviction that the district court made a mistake" when it found no unreasonable protraction here, so we identify no clear error. *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 52 (2d Cir. 2021) (internal quotation marks omitted); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010) (noting that a "clearly erroneous factual finding" is an abuse of discretion).

Moreover, even if a district court had found that an LEA unreasonably protracted the proceedings,[3] Subparagraph G would

---

[3] In M.H.'s case, the district court did not determine whether the New York City Department of Education unreasonably protracted the proceedings. *See M.H. v. N.Y.C. Dep't of Educ.*, No. 20-CV-1923, 2021 WL 4804031, at *25 (S.D.N.Y. Oct. 13, 2021) ("It is less clear that the Department's disorganization and unpreparedness protracted the final resolution in the sense of making the proceedings 'prolonged,' or longer than what would ordinarily be needed for the conclusion of the proceedings."). But the district court concluded that, even if the Department had done so, that

not prohibit that district court from reducing the fees requested. That is because the IDEA authorizes an award only of "*reasonable* attorneys' fees," 20 U.S.C. § 1415(i)(3)(B)(i) (emphasis added), and the IDEA further provides that those fees must be "based on rates prevailing in the community," *id.* at § 1415(i)(3)(C). If an LEA unreasonably protracts the proceedings—thereby triggering Subparagraph G—the mandatory reductions found in Subparagraph F would not apply, but the district court still would need to ensure that the fees awarded are reasonable and based on prevailing rates in accordance with § 1415(i)(3)(B)(i) and § 1415(i)(3)(C). The district court would not be free to award an unreasonable fee that a party requests. We agree with those circuits that have held that when a district court finds that the LEA unreasonably protracted proceedings the statute still requires the district court to conduct a lodestar calculation. *See Somberg ex rel. Somberg v. Utica Cmty. Schs.*, 908 F.3d 162, 181 (6th Cir. 2018) (holding that Subparagraph G "does not mandate that the district court abandon its discretion to ensure that fees are reasonable"); *accord Williams ex rel. Williams v. Fulton Cnty. Sch. Dist.*, 717 F. App'x 913, 917 (11th Cir. 2017).

For these reasons, we conclude that the district court in each case did not abuse its discretion when it awarded attorneys' fees. We affirm the judgments—except as noted below with respect to No. 21-1961, *M.D. v. New York City Department of Education*.

## II

CLF argues on appeal that the district courts should have awarded prejudgment interest here. But "[i]n a suit to enforce a

---

"would not entitle CLF to more than a reasonable attorney's fee" because "the plain language of the statute" authorizes only reasonable attorneys' fees. *Id.*

federal right, the question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court." *Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir. 1998). The district courts that declined to award prejudgment interest did not abuse their discretion because "delay[s] in payment" may be remedied by "application of current rather than historic hourly rates." *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 284 (1989); *see M.H. v. N.Y.C. Dep't of Educ.*, No. 20-CV-1923, 2021 WL 4804031, at *31 (S.D.N.Y. Oct. 13, 2021) ("The Court thus concludes that in IDEA cases, as in other fee-shifting contexts, the Court should take into account 'delay' by using current rates in calculating a 'reasonable' attorneys' fee.").

We note that district courts may award prejudgment interest under 20 U.S.C. § 1415(i)(3)(B)(i). In interpreting the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, the Supreme Court explained that "an enhancement for delay in payment is, where appropriate, part of a 'reasonable attorney's fee'" and that "an appropriate adjustment for delay in payment—whether by the application of current rather than historic hourly rates *or otherwise*—is within the contemplation of the statute." *Jenkins*, 491 U.S. at 282, 284 (emphasis added). The same considerations apply to fee awards under the IDEA.

For these reasons, we will not disturb the district courts' decisions with respect to prejudgment interest.

### III

C.S. and S.S. contend that the district court erred when it failed to specify an entitlement to post-judgment interest in its judgment awarding attorney fees. "Pursuant to 28 U.S.C. § 1961, 'the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.'" *Tru-Art Sign Co. v. Loc. 137 Sheet Metal*

15

*Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (alteration omitted) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)). For that reason, we understand the district court's order to include post-judgment interest on the awarded fees and costs. We affirm the judgment based on that understanding.

## IV

Separately, M.H. contends that the New York City Department of Education ("DOE") violated the impartial hearing officer's order and that she was entitled to equitable relief. *See* M.H. Br. 20. We affirm the district court's dismissal of M.H.'s claims for equitable relief because the DOE has complied with the order: (1) the DOE has paid the invoices for all applied behavior analysis provided to M.H.; (2) as required, the DOE developed a new individualized education program ("IEP") that placed the student in a non-public school that provides applied behavior analysis services; (3) there was no requirement that the IEP reference home-based applied behavior analysis and it is undisputed that there are no outstanding invoices for such services; (4) at the time of the complaint, M.H. had not chosen a provider for the occupational therapy services and the order requires the DOE to fund such services at the parent's chosen provider; and (5) the DOE confirmed that parent counseling and training services hours were outstanding and that it would pay for such services once M.H. had chosen a provider.

V

Last, CLF claims that the district court erred in denying it fees for time spent traveling to the administrative hearing for M.D.[4] We agree.

The district court abused its discretion when it denied any travel-related fees to M.D.'s counsel. The district court reasoned that no fee award for time attributable to travel was warranted because it was "doubtful that a reasonable client would retain an Auburn or Ithaca attorney over a New York City attorney if it meant paying New York City rates and an additional five hours in billable time for each trip." *M.D. v. N.Y.C. Dep't of Educ.*, No. 20-CV-06060, 2021 WL 3030053, at *5 (S.D.N.Y. July 16, 2021) (quoting *K.F. v. N.Y.C. Dep't of Educ.*, No. 10-CV-5465, 2011 WL 3586142, at *6 (S.D.N.Y. Aug. 10, 2011)). A district court may permissibly adjust excessive travel costs—as many did in these cases. But the district court could not "eliminate[] all of the hours submitted by [CLF] as travel time" by denying travel-related fees altogether. *Cruz v. Loc. Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1161 (2d Cir. 1994). We reverse the denial of travel-related fees, and we remand with instructions to award attorneys' fees for two hours of travel time at the hourly rate the district court otherwise applied of $375, for a total of $750 in

---

[4] CLF also requested $245 in transportation costs for mileage and parking related to counsel's attendance at the administrative hearing. The district court regarded that request as unreasonable because "[l]ocal counsel attending a hearing in New York City would likely take public transit, some sort of commuter rail, or a short car ride." *M.D. v. N.Y.C. Dep't of Educ.*, No. 20-CV-06060, 2021 WL 3030053, at *7 (S.D.N.Y. July 16, 2021). The district court concluded that a "reasonable reimbursement" for such travel costs is "$50 each way, for a total of $100." *Id.* CLF does not challenge that award on appeal.

travel-related fees. *M.D.*, 2021 WL 3030053, at *6; *see also J.R.*, 2021 WL 3406370, at *6 (awarding two hours of travel time); *D.P. v. N.Y.C. Dep't of Educ.*, No. 21-CV-27, 2022 WL 103536, at *13 (S.D.N.Y. Jan. 10, 2022) (same). We otherwise affirm.

*   *   *

We have considered the appellants' remaining arguments, which we conclude are without merit. For the foregoing reasons, we reverse the district court's denial of travel-related fees in No. 21-1961 and remand for further proceedings. We otherwise affirm the judgments of the district courts.

18

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit